UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GANG L.,

   Petitioner,

  v.

CHRISTOPHER CHESTNUT, et al.,

   Respondents.

No. 1:26-cv-04385-TLN-CKD

A # 241-980-031

**RELEASE ORDER**

   This matter is before the Court on Petitioner Gang L.[1]'s ("Petitioner") Petition for Writ of Habeas Corpus.  (ECF No. 1.)  Respondents filed an opposition.  (ECF No. 5.)  For the reasons set forth below, Petitioner's habeas petition is GRANTED.

---

[1]   The Court omits Petitioner's full name to protect sensitive personal information.  *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

## I.    FACTUAL AND PROCEDURAL BACKGROUND[2]

This habeas action arises from Petitioner's detention by immigration authorities without notice or a hearing.  (ECF No. 1.)  Petitioner entered the United States on September 18, 2022, was detained by U.S. Customs and Border Protection ("CBP"), and released on parole the following day.  (*Id.* at 6.)  Petitioner filed for asylum under the Convention Against Torture ("CAT") and lived and worked in the United States until he was re-detained on September 23, 2025 in Champlain, New York.  (*Id.* at 6, 9.)  CBP agents approached him on the street in a parked car and requested identity documents.  (*Id.* at 9.)  Petitioner provided his passport and California driver's license and the agents arrested him.  (*Id.*)  He has no criminal history or prior arrests.  (*Id.* at 10.)  Respondents do not allege that he has violated any terms of his release.  (*See generally* ECF No. 5.)  Immigration authorities held him for approximately six months at Batavia Service Processing Center.  (*Id.*)  While in custody there, his asylum and CAT claims were denied and Petitioner filed an appeal, which remains pending.  (*Id.* at 9–10.)  He was transferred to the California City Detention Center Facility on April 7, 2026, and is currently held there by Respondents.  (*Id.*)

Petitioner filed this Petition for Writ of Habeas Corpus on June 8, 2026.  (*Id.* at 1.)  Petitioner challenges the lawfulness of his civil detention and seeks immediate release.  (*Id.* at 28.)

## II.    STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has

---

[2]    These facts come from Petitioner's habeas petition.  (ECF No 1.)  Respondents do not dispute these facts.  (*See generally* ECF No. 5.)

served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**III.    ANALYSIS**

Petitioner challenges his detention without notice or a hearing as violating his due process rights.[3]  (ECF No. 1 at 17–22.)  In opposition, Respondents contend Petitioner is an "applicant for admission" who is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)"). (ECF No. 5 at 1–2.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law.  *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status.  *Zadvydas*, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent.").  These due process rights extend to immigration proceedings, including deportation proceedings.  *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution.  *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

A.    Liberty Interest

As to step one, the Court finds Petitioner gained a protected liberty interest in his

---

[3]    Petitioner also claims that his detention violates the Immigration and Nationality Act. (ECF No. 1 at 11–17.)  Because the Court concludes that he is entitled to relief on his due process claim it need not consider his statutory claim.

continued freedom when he was released on parole by CBP on September 18, 2022. This release was an "implicit promise" that Petitioner would not be re-detained during the pendency of his immigration proceedings if he abided by the terms of his release. *See Morrissey*, 408 U.S. at 482. Respondents do not argue that Petitioner violated those terms. (*See generally* ECF No. 5.) Petitioner thus has a clear interest in his continued freedom as he awaits the outcome of his immigration proceedings. *See, e.g.*, *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the Government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest).

Respondents' only argument in opposition to the habeas petition is one that this Court has repeatedly rejected. The vast majority of courts across the Ninth Circuit, including this one, have repeatedly rejected Respondents' argument on the applicability of § 1225(b)(2). *See e.g.*, *Hortua v. Chestnut*, No. 1:25-cv-01670-TLN-JDP, 2025 WL 3525916, at *3 (E.D. Cal. Dec. 9, 2025); *Estrada-Samayoa v. Orestes Cruz*, No. 1:25-CV-01565-EFB, 2025 WL 3268280, at *4 (E.D. Cal. Nov. 24, 2025) (collecting cases). "These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [Petitioner], living in the interior of the country." *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases). In comparison, "[t]he government's proposed reading of the statute (1) disregards the plain meaning of [§] 1225(b)(2)(A); (2) disregards the relationship between [§§] 1225 and 1226; (3) would render a recent amendment to [§] 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025) (collecting cases). Respondents put forth no new arguments or facts justifying a different conclusion in this case. (*See generally* ECF No. 5.) Accordingly, Petitioner has a clear interest in his continued liberty protected by the Due Process Clause.

### B.    Process Required

To determine what process is necessary to ensure any deprivation of Petitioner's protected liberty interest accords with the Constitution, the Court considers three factors: (1) "the private

interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). As set forth below, these factors support Petitioner's constitutional right to notice and a pre-deprivation hearing.

First, as explained above, Petitioner has a substantial privacy interest in his own liberty that is unquestionably affected by the government's actions detaining him. The amount of time Petitioner spent at liberty underscores the gravity of its loss. *See Doe*, 787 F. Supp. 3d at 1094. Accordingly, this factor weighs in favor of finding Petitioner has a significant private interest that has been affected by his detention.

Second, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest for his detention to comport with due process. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner has received virtually no procedural safeguards to ensure any detention is reasonably related to those purposes. *Hernandez*, 872 F.3d 976. As Respondents do not argue Petitioner is a danger to the public or a flight risk, and Petitioner has no criminal history and his asylum application appeal remains pending, the risk that he is being detained without proper justification is exceedingly high. *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Third, the government's interest in detaining Petitioner without notice and a pre-deprivation hearing is low. The effort and cost required to provide Petitioner procedural safeguards are minimal. *See Doe*, 787 F. Supp. 3d at 1094. Notice and custody determination hearings are routine processes for Respondents. Any burden associated with their provision does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation. Respondents articulate no legitimate interest in detaining Petitioner absent these processes.

Upon consideration of the *Mathews* factors, the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his detention.  He received neither. Petitioner's detention thus violates the Fifth Amendment Due Process Clause.

**IV.    CONCLUSION**

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus. (ECF No. 1.)

1.    Respondents must IMMEDIATELY RELEASE Petitioner GANG L. (A # 241-980-031) from custody.  At the time of release, Respondents must return all of Petitioner's documents and possessions.

2.    Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that the Government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention.  *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990.  At any such hearing, Petitioner shall be allowed to have counsel present.

**3.    The Clerk of Court is directed to serve California City Detention Facility with a copy of this Order.**

4.    The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Dated:    June 17, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

6